MARK H. SUGERMAN, EXECUTOR, ESTATE OF PHILIP SUGERMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 39415.   Promulgated September 24, 1930.

*Meyer Bernstein, Esq.,* for the petitioner.
*B. M. Coon, Esq.,* for the respondent.

OPINION.

Love: Counsel for petitioner contends that by reason of the fact that decedent died on April 5, 1924, and the estate tax was not due until one year thereafter, April 5, 1925, and that the 1924 Revenue Act was enacted and became effective on June 2, 1924, and repealed the 1921 Revenue Act, the liability for this tax must be governed by the 1924 Act when it " accrued," and that coming under the 1924 Act, and the assignment by the father to the sons having occurred prior to the enactment of the 1924 Act, the case is controlled by the case of *Nichols* v. *Coolidge*, 274 U. S. 531.

We hold that, by reason of the fact that the death occurred during the period when the 1921 Act was in force, the 1921 Act governs the case. Death is the " generating source " that brings into being the tax liability, and the date when that liability is generated must be used to point out the applicable statute. The assignment here involved, as well as the death, occurred during the period when the 1921 Act was in force. *Ernest M. Bull, Executor*, 7 B. T. A. 993.

The next issue to be considered is whether or not the transfer of the partnership interest by the father to the sons was made in con-templation of death. Was it testamentary in character and purpose? The Commissioner determined that it was, and, it being within two years before death, the statute presumes that it was. Revenue Act of 1921, sec. 402(c). The burden is on the petitioner to prove that it was not so made. We do not believe that he has sustained that burden of proof. It is true that the document presents a completed transaction. It was not to take effect after death. It was to be effective at once. However, we must look to and take into consideration all the circumstances, the motivating causes that brought about that transfer. The father, in 1916, had executed a will by which he

disposed of all his property among his children. At that time he was 74 years old and active in business. In that will he stipulated that each of the two sons, Mark and Lewis, should get a one-fourth interest in the partnership business, and the two ·daughters, each a one-fourth. In 1922 he was 6 years older and, being afflicted with myocarditis (a serious heart trouble), he desired to retire from business. Evidently it was then intended as a permanent retirement. Under such circumstances, he wanted to shift the burden of that business upon the sons whom he desired to have it. He did not change his will in any particular, but anticipated its effective date by superseding one of its provisions, by taking one item out of provisions of the will by disposing of it, *inter vivos*, and by giving to each of those two sons a one-half interest in his 50 per cent of that partnership business, instead of a one-fourth interest as the will provided. The conclusion is inescapable that the document transferring that interest at that time was testamentary in character and purpose, and made in contemplation of death in the near future. We sustain the Commissioner's action on that issue.

With reference to the value of the partnership interest transferred, it will be noted that at the date of such transfer the total assets of the business were put, by the parties themselves, at $471,638.36. The admitted amount of liabilities deductible from assets in order to determine net worth was $117,443.24. That would indicate a net worth of $354,215.12, 50 per cent of which is $177,107.56. The Commissioner determined the value at date of death to be $149,795.75. We believe that the evidence fully justifies the value determined by the Commissioner and hence sustain his action in regard thereto.

With reference to the value, at the date of Philip Sugerman's death, of the house and lot at 136 West 118 Street, the evidence is very unsatisfactory. About all the positive information furnished us is that in 1907 it cost $21,500. In 1927, three years after the decedent's death, it was sold by the executor for $19,000. The Commissioner valued it at date of death at $19,000. Mark Sugerman was. the only witness. Why one or more of the other brothers and sisters did not appear or why an expert real estate man was not produced as a witness, was not explained. Mark Sugerman did not attempt to qualify as an expert on values of such properties. He did state that he did not believe the mortgage debt of $16,800 forming a part of the sale price could have been sold for more than 70 per cent of face value. But giving full credence and force to that testimony, it has but little pertinent probative weight. The sale took place three years after the pertinent date. The market value of the notes representing a part of a sale price may or may not be evidence of the value of the property. The sale price, when all in

cash, while evidentiary in character, and usually given considerable weight, is not at all conclusive of market value. The market value may be greater or less than the sale price. The Commissioner has placed the market value in 1924 at the same figure that the property sold for in 1927. What he based his market value on in 1924, we do not know. We only know that the evidence submitted by the petitioner is not convincing that he erred. We sustain the action of the Commissioner on that point.

The petitioner, as executor, paid $1,411.65 to the State of New York as an inheritance tax on the estate here involved, and claims that he is entitled to deduct that amount from the gross estate in computing the net estate.

As heretofore pointed out, the tax liability in this case must be determined under the 1921 Revenue Act. That act, in prescribing how the net estate shall be determined, denotes a number of deductions from gross estate, as appear in section 403 of that act. The last phrase of (a) (1) of that section specifically prescribes, " but not including any income taxes upon income received after the death of the decedent, *or any estate, succession, legacy, or inheritance taxes.*" Sections 303 (a) (1) of the 1924 and 1926 Acts, have the same provision.

Reviewed by the Board.

*Judgment will be entered for the respondent.*